# Representation of White House Employees

[The following memorandum opinion discusses the propriety, under applicable laws and regulations, of providing legal representation at government expense to White House employees in connection with pending investigations by the Justice Department's Office of Professional Responsibility and the Senate Judiciary Committee. Its conclusions are summarized in its second paragraph.]

August 27, 1980

## MEMORANDUM OPINION FOR
## THE COUNSEL TO THE PRESIDENT

This responds to the request from the Deputy Counsel to the President for our views concerning the propriety of providing legal representation for White House employees who are questioned by either the Justice Department's Office of Professional Responsibility (OPR), or the Senate Judiciary Committee in connection with the investigations presently underway into the relationship and activities of the President's brother, Billy Carter, with respect to the government of Libya. We recognize that timely advice on this question is of the essence, since the OPR and Senate investigations are currently in progress. Accordingly, we have briefly described our conclusions in this memorandum, and where available, we have attached supporting materials that were prepared in connection with other inquiries.

Our conclusions can be summarized as follows:

    (1) White House employees should be discouraged from accepting offers of free or discounted professional service from private lawyers because of the appearance that the service has been offered because of their employment at the White House, and because of the limitations imposed by 3 C.F.R. 100.735–14 (1980).

    (2) *OPR Investigation:* No government attorney, and no private attorney retained at government expense may represent White House employees in connection with the OPR investigation. Employees may choose to retain counsel at their own expense to represent their individual interests before OPR.

749

(3) *Senate Investigation:* No government attorney, and no private attorney retained at government expense may represent the *personal interests* of White House employees in connection with the Senate investigation. Employees may choose to retain private counsel to represent their personal interest before the Senate Committee.

(4) A government attorney may and should represent *governmental interests* in connection with the questioning of White House employees by the Senate Committee. A government attorney may be "detailed" from an agency which otherwise has no involvement in the matter under investigation, or a private attorney may be retained by the White House as a special government employee to perform this function.

(5) Private counsel retained by employees may not represent governmental interests before OPR or the Senate Committee.

A prefatory summary of the pertinent background facts is useful in order to place the representation issues raised by your opinion request in a proper context. Two investigations are pending at this time: (1) an investigation undertaken by this Department's Office of Professional Responsibility pursuant to a special direction from the Acting Attorney General focused on whether any employee of this Department, the White House, or any other person is chargeable with criminal, civil, or administrative wrongdoing growing out of the Administration's activities concerning Billy Carter's contacts with Libya, 45 Fed. Reg. 52,946–47 (1980); and (2) an investigation conducted by a subcommittee of the Senate Judiciary Committee which presumably will focus on the legislative consequences, if any, of the matter, rather than on governmental sanctions. *See generally* 126 Cong. Rec. 19,544–46 (1980). You have advised us that both investigations are now consuming the time of White House employees, and that several have inquired whether they are entitled to legal representation by the government in responding to either investigation. You have also informed us that, pursuant to an agreement with the Senate committee, your Office has agreed not to represent any employee involved in the Senate's investigation, presumably to avoid even the appearance of collusion or other wrongdoing. There remain, then, several possible sources of representation, including Justice Department lawyers, detailees from other departments to the White House, special government employees, private counsel retained under the Justice Department's Representation Guidelines, or donated legal services. We will address first the acceptance of legal services donated by private counsel.[1]

---

[1] We recognize that it will be necessary for some White House employees to spend considerable time gathering and assembling materials in response to the OPR and Senate inquiries. We view this as

Continued

*Donation of Legal Services.* The acceptance of free or discounted legal services is within the parameters of the White House Standards of Conduct dealing with gifts, entertainment, and favors. 3 C.F.R. 100.735-14 (1980). Subsection (a) of this regulation prohibits the acceptance of anything of monetary value from a person (defined to include a firm) who:

> (1) Has, or is seeking to obtain, contractual or other business or financial relations with his agency;
>
> (2) Conducts operations or activities which are regulated by his agency; or
>
> (3) Has interests which may be substantially affected by the performance or nonperformance of his official duty.

The text of subsection (b) of the regulation would appear to permit the acceptance of gifts prohibited by the above criteria if the gift is given by a friend or close relative when the circumstances make it clear that the personal relationship involved is the motivating factor. However, in light of the more general requirement to avoid appearances of impropriety (*see* 3 C.F.R. 100.735-4) (1980), we would caution against the acceptance of donated legal services from any law firm which has or is likely to do business with the Government, or from any firm which may appear to have offered the services because of the employee's White House employment.

*Representation before OPR.* This Office has long held the view that the Government may not participate on both sides of a federal criminal investigation. The attached memoranda explain in some detail the basis for our conclusion that executive agencies lack the authority to provide counsel for employees in federal criminal matters.

The opinions of the Comptroller General support our conclusion, although they do not address the precise question of representation in a federal criminal matter. In determining whether particular expenses were "necessary" as that term is used in various appropriation acts, the Comptroller General has consistently distinguished between governmental interests and personal interests, concluding that expenditures were only authorized to the extent that they serve governmental interests. *See, e.g.,* 54 Comp. Gen. 1075 (1975) (television set); 54 Comp. Gen. 976 (1975) (gifts to seminar attendees); 47 Comp. Gen. 657 (1968) (coffee equipment). The Comptroller General reiterated the importance of this distinction between personal and governmental interests in an opinion dealing with the retention of private counsel to defend federal judicial officers in instances where Justice Department representation is unavailable. 53 Comp. Gen. 301 (1973). Although the opinion does not

---

a proper governmental function which may be performed by government employees, be they lawyers or non-lawyers. However, your inquiry seems to be directed at the more traditional role of lawyers as personal representatives and advocates for a particular client. It is this latter role that we will address in this memorandum.

address the question of representation in a federal criminal matter, it does find limited authority for the payment of counsel. However, one clear limitation stated in the opinion is that appropriated funds are to be used:

> only to the extent necessary to protect the judiciary's interest in the outcome of the subject litigation, rather than the judicial officer's personal interest in having his decision upheld, and that such funds are not used, in effect, merely to defend a private litigant's position where, as is the case in most appeals of judicial rulings, the judiciary and the United States have no real interest in the outcome of the appeal.

53 Comp. Gen. at 306.[2] The opinion also notes that Justice Department representation should be sought as an initial matter and would be available in many cases. However, the opinion recognizes that private counsel may be necessary when there are conflicts presented by Justice Department representation, as in the case of a mandamus action brought by the Attorney General.

In a more recent decision, 58 Comp. Gen. 613 (1979), the Comptroller General held that the SEC could not reimburse employees for legal fees incurred as a result of its own misconduct investigation, despite the fact that the initial charges were made by a private party and the investigation was ultimately resolved in favor of the employees. The Comptroller General explained his reasoning as follows:

> Under these circumstances, the cost of providing counsel may not be considered a proper expenditure of appropriated funds. Upon SEC's determination that the matter should be further investigated with respect to three of the SEC employees, the situation was no longer one in which the Government's interest was aligned with the interests of the three employees against charges pressed by a third party, and thus it was no longer in the Government's interest to provide them with legal counsel. The SEC hearing was a formal agency fact-finding inquiry to determine whether its employees were guilty of misconduct. In fact, at that point, the situation was indistinguishable from that in which an agency itself initiates an investigation into the conduct of its own employees. That the employees were ultimately vindicated does not change the character of the proceeding.

---

[2] Another explicit prerequisite set by the Comptroller General in this opinion was that the Administrative Office of the U.S. Courts "advise fully the appropriate legislative and appropriations committees of the Congress of your plans and the estimated cost thereof." 53 Comp. Gen. at 306.

58 Comp. Gen. at 618. Read together, the Comptroller General's decisions regarding representation of judicial and SEC employees support a conclusion that, absent express congressional authorization, counsel may not be provided to defend executive branch employees in an investigation or proceeding being pursued within the executive branch.

Since the direction to the Counsel on Professional Responsibility leaves no room for doubt that the OPR inquiry has potential criminal ramifications, that conclusion controls with respect to the OPR inquiry. Moreover, even absent the criminal ramifications, the same considerations would preclude providing representation for employees in connection with an investigation of wrongdoing that may result only in some form of administrative or civil sanction by the Government (such as a fine, reprimand, or discharge). Therefore, it is our conclusion that no representation at federal expense is permissible in responding to the OPR investigation. Of course, employees may retain counsel to represent their personal interests at their own expense.[3]

*Representation in the Congressional Inquiry.* Representation before the Senate committee is a more complicated problem. It is important first to distinguish between the representation of the personal interests of employees, and the representation of official governmental interests, because we believe that in this case the Government may provide counsel to represent governmental but not personal interests. The distinction between official and individual interests is made frequently in connection with the representation of employees in litigation, and the Justice Department's Representation Guidelines* anticipate that this distinction will be made in connection with the representation of employees before Congress. As we noted earlier, this distinction is also made by the Comptroller General in determining the availability of appropriated funds to cover a particular expense.

Although we recognize that the official and personal interests of employees may overlap to a large extent, there are also interests which are purely personal or entirely governmental. For example, the interests in avoiding federal criminal prosecution, civil liability to the United States or adverse administrative action by a federal agency are clearly personal rather than governmental interests. On the other hand, the interests in asserting a governmental privilege or defending official policies and procedures are governmental interests. The interests in presenting information correctly and clearly are both personal and governmental.

---

[3] We have not precluded the possibility of counsel to represent direct governmental interests which may arise in connection with the OPR investigation. If such governmental interests arise, they may be represented. We have described this possibility and the mechanics of such representation in connection with the congressional inquiry.

*NOTE: The Justice Department Representation Guidelines referred to in the text were published in the Code of Federal Regulations in substantially unchanged form in 1982. 28 C.F.R. § 50.15 (1982). Ed.

The personal interests of employees in regard to the congressional investigation tend to parallel the purposes of the OPR investigation. Generally, it will serve the personal interests of employees to avoid making statements to the Senate that would result in adverse criminal, civil, or administrative action by OPR. As discussed above, there is no existing statutory authority for the executive branch to protect these personal interests through the provision of counsel. To the extent that these interests are implicated by the Senate investigation, we think that it would be inappropriate for the Government to provide counsel to represent them.[4]

However, there are also legitimate governmental interests which arise whenever executive branch employees are called to testify before the Congress. Ordinarily, these interests are monitored by agency counsel who accompany executive branch employees called to testify before congressional committees. We do not believe that your acquiescence in the Senate committee's demand not to serve as counsel should preclude all representation of governmental interests in connection with the Senate investigation. We have previously concluded that it would be proper to "detail" government attorneys to the White House to provide legal services in connection with the Watergate investigation so long as the lawyer's employing agency did not have conflicting responsibilities in the case. On this basis, an attorney from any agency which is not involved in the Billy Carter matter could be "detailed" to the White House to represent governmental interests in connection with the Senate investigation. We also see no reason why the White House may not retain a lawyer from a private firm as a special government employee to perform this function, since the 1980 White House appropriation leaves ample discretion to hire counsel for this purpose. Executive Office Appropriations Act, Pub. L. No. 96-74, 93 Stat. 563 (1980).[5] The alternatives of detailed or retained counsel should respond to the legitimate concerns of the Senate investigators, without undermining your responsibility to protect legitimate governmental interests in this matter.

In our view, any counsel directed to represent governmental interests must be controlled by the Government, and private counsel retained by employees to represent personal interests should not be permitted to assert governmental interests or privileges. Although it can become

---

[4] The attached Department of Justice Representation Guidelines do appear to contemplate cases in which it would be proper for this Department to provide representation to employees called before congressional committees "in their individual capacities." See 28 C.F.R. § 50.15(a) (1982). Heretofore, this section has become operable when a present or former federal employee has been a defendant in a private civil suit and has simultaneously been called as a witness before a congressional committee. In such a case, the retention of counsel may be necessary to protect the employee from providing testimony that would unnecessarily compromise the defense of the civil case.

[5] Technically, representation of this limited nature might be provided by this Department, but in light of the potential for conflicts—or at least the appearance thereof—we doubt that such representation should be considered.

difficult to distinguish between personal and governmental interests, this point is one of considerable importance. Any employee detailed by the Government to serve as counsel in this matter, first, must clearly understand that he is the Government's lawyer and not private counsel for the represented employee, and, second, that he reports to and is responsible to the Government. We cannot foresee all of the particular ways in which this distinction will apply, but care must be taken throughout the course of any representation to assure that the interests of the Government control the decisions that are made.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*
